UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALVIN MILLER,

       Plaintiff,

v.                              CASE No. 8:11-CV-2755-T-30TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

       Defendant.

_____

## REPORT AND RECOMMENDATION

THIS CAUSE came on for consideration upon the pro se

plaintiff's Motion for Leave to Proceed In Forma Pauperis and Affidavit of

Indigency (Doc. 2) pursuant to 28 U.S.C. 1915 seeking a waiver of the filing

fee for his complaint against the defendant.

Under 28 U.S.C. 1915(a)(1), the court may authorize the filing

of a civil lawsuit without prepayment of fees if the affiant submits an affidavit

that includes a statement of all assets showing an inability to pay the filing fee

and a statement of the nature of the action which shows that he is entitled to

redress. Even if the affiant proves indigency, the case shall be dismissed if

the action is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. 1915(e)(2)(B)(i), (ii).

The plaintiff's complaint makes no sense to me (Doc. 1). However, the complaint is somewhat clarified by the attached letter from the Appeals Council. The letter indicates that the plaintiff submitted a request for review of the law judge's decision, but that request was dismissed by the Appeals Council on the basis of untimeliness without good cause. Thereafter, the Appeals Council denied the plaintiff's request to vacate that dismissal.

The plaintiff now appears to seek judicial review of the action by the Appeals Council. Seemingly, the proper challenge would be to the Appeals Council's denial of a request to vacate the order of dismissal. Arguably, however, in light of the Appeals Council's granting of an extension of time to challenge the original dismissal, that action would be subject to review (id., p. 4). Assuming that this court has jurisdiction under Bloodsworth v. Heckler, 703 F.2d 1233 (11th Cir. 1983), the issue is whether the Appeals Council abused its discretion in dismissing the request for review as untimely. Langford v. Flemming, 276 F.2d 215 (5th Cir. 1960).

It is apparent that the Appeals Council did not act arbitrarily or unreasonably in dismissing the plaintiff's request for review. The plaintiff was notified that a request for review would be timely if filed within sixty days of the receipt of the law judge's decision, so that the last date for filing a request for review was November 4, 2008. Yet, the plaintiff waited ten months until September 2, 2009, before filing his request. To date, the plaintiff has not provided the Appeals Council or this court with an explanation for the untimeliness of his request for review. Thus, in the absence of any cogent argument from the plaintiff, there is no basis for finding that the Appeals Council abused its discretion.

For the foregoing reasons, I recommend that the Motion for Leave to Proceed In Forma Pauperis and Affidavit of Indigency (Doc. 2) be denied and the case dismissed pursuant to 28 U.S.C. 1915(e)(2)(B)(i), (ii).

Respectfully submitted,

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: JANUARY 4, 2012

-3-

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).